**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/14/98
THOMAS K. KAHN
CLERK

-------------------------------------------

No. 97-3279
Non-Argument Calendar

-------------------------------------------

D. C. Docket No. 95-760-Civ-T-99E

JAY C. FALGE, JR.,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, Commissioner,
Social Security Administration,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

(August 14, 1998)

Before EDMONDSON, BLACK and HULL, Circuit Judges.

**EDMONDSON, Circuit Judge:**

Jay Falge, Jr. appeals the district court's order affirming the Commissioner's denial of Falge's applications for disability benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1382(c)(3). We affirm.

## Background

Falge applied for disability benefits and supplemental security income after an automobile accident, that occurred on 18 February 1992, allegedly left him with neck and back injuries. Falge claims that the accident left him with a pinched nerve in his neck and bulging discs in his back, causing severe headaches.

Before the accident, Falge worked as an air conditioner mechanic and as a sheet metal worker. Falge has a high school

education and four years of vocational training.  At the time of the accident, Falge was 48 years old.

After the initial denial of Falge's application for benefits, Falge requested a hearing.  A hearing was scheduled before an Administrative Law Judge (ALJ).  As a result of the hearing, the ALJ decided that Falge was not "disabled" as defined in the Social Security Act and, thus, that Falge was not entitled to the requested benefits.[1]  Falge requested review of this decision by the Appeals Council of the Social Security Administration (AC).  The AC denied review of Falge's claim.[2]

---

[1] **The ALJ determined that Falge could perform sedentary work activities, precluding a finding of disability.  Sedentary work is work that involves lifting no more than 10 pounds at a time, sitting, and occasional walking and standing.**  See 20 C.F.R. § 404.1567.

[2] The AC has discretion not to review denials of benefits by ALJs.  See 20 C.F.R. § 404.967 ("The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge."**); 20 C.F.R. § 416.1467 (same).**

Falge states in his brief that, at the hearing before the ALJ, no vocational or medical expert testimony about Falge's physical capabilities for employment was presented. But many medical records and written opinions documenting treatment and diagnosis of Falge's medical condition (including some physical limitations due to the injuries) were provided to the ALJ. After the ALJ's decision -- but before the AC's denial of review -- Falge produced an additional doctor's report, by Dr. Inga, describing Falge's physical limitations.[3]

_____

[3]Dr. Inga was one of many of Falge's treating physicians. In general, Dr. Inga's report stated that Falge was limited in his lifting and carrying abilities and that activities such as climbing, balancing, stooping, crawling and kneeling should be done by Falge only occasionally. Two earlier reports prepared by Dr. Inga were presented to the ALJ.

The AC, after considering the new evidence of Dr. Inga's report,[4] denied review. The district court then affirmed the ALJ's decision to deny benefits.

## Discussion

A "final" decision of the Secretary of the Social Security Administration is subject to judicial review. See 42 U.S.C. § 405(g). "When the Appeals Council grants review, the Appeals Council decision is reviewable as the final decision of the Secretary[, but w]hen the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Secretary." Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

---

[4]**New evidence is specifically permitted to be provided to the AC if the evidence is both new and material. See 20 C.F.R. § 404.970(b).** This new evidence is then evaluated by the AC to determine whether a basis exists for changing the ALJ's decision.

An ALJ's decision will be reversed only if the decision is not supported by substantial evidence. See Barron v. Sullivan, 924 F.2d 227, 229-30 (11th Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 91 S.Ct. 1420, 1427 (1971) (quoting Consolidated Edison Co. v. NLRB, 59 S.Ct. 206, 217 (1938)). In other words, substantial evidence is "more than a mere scintilla." Id. We review de novo the district court's judgment that substantial evidence supports the ALJ's decision.

When evidence has been presented to the AC that was not presented to the ALJ (new evidence), we have already concluded that the new evidence is part of the record on appeal.[5] See Keeton, 21 F.3d at 1066-67. But until now, we

---

[5]At least one circuit, the Sixth Circuit, excludes this new evidence from the record entirely. See Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993); see also Willis v. Secretary of Health and Human Servs., 727 F.2d 551, 553-54 (6th Cir. 1984) (suggesting the record is closed at the ALJ level when the AC denies review).

have not directly answered the next question: What consideration should be afforded that new evidence by reviewing courts when the AC denied review of the ALJ's decision?

The circuits addressing this question have followed different approaches. Some circuits have concluded that courts should review the ALJ's decision for substantial evidence "on the record as a whole, including the new evidence submitted after the determination was made [by the ALJ]." See, e.g., Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994); O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994). But those circuits do recognize the difficulty posed by reviewing evidence never presented to the ALJ: "Of necessity, that means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing. We consider this to be a peculiar task for a reviewing court." Riley, 18 F.3d at 622. We

agree that this speculation would be a peculiar task: reviewing courts would be placed in the unfamiliar position of acting as fact finders.

We think the better approach is the approach taken by the Seventh Circuit in <u>Eads v. Secretary of Dep't of Health and Human Servs.</u>, 983 F.2d 815 (7th Cir. 1993); and we adopt today that general approach as the law of this circuit.  The Seventh Circuit wrote these words about new evidence:

> [T]he new evidence is a part of the administrative record that goes to the district court in the judicial review proceeding, and then to this court if there is an appeal.  It might seem therefore that the district judge and we would be free to consider the new evidence that was before the Appeals Council in deciding whether the decision denying benefits was supported by the record as a whole. And of course this is right when the Council has accepted the case for review and made a decision on the merits, based on all the evidence before it . . . [but i]t is wrong when the Council has refused to review the case.  For then the decision reviewed in the courts is the decision of the administrative law judge. . . . The correctness of that decision depends on the evidence that was before him. . . . He cannot be faulted for having failed to weigh evidence never presented to him . . . .

**Eads**, 983 F.2d at 817.[6]  Thus, this will be our rule: when the AC has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence.

In different kinds of cases, however, we will consider evidence submitted only to the AC.  For example, 42 U.S.C. § 405(g) permits courts to remand a case to the Social Security Administration for consideration of newly discovered evidence.  To succeed on a claim that remand is appropriate, Falge would have had to show that (1) new, noncumulative evidence exists,

---

[6]**Keeton** cites **Eads** as one of the circuits holding "that the administrative record does not include the new evidence first submitted to the Appeals Council."  **Keeton**, 21 F.3d at 1067 (citing 983 F.2d at 817-18).  But **Keeton** then quotes the passage of **Eads** that explains that "the new evidence is a part of the administrative record that goes to the district court in the judicial review proceeding, and then to this court if there is an appeal."  **Id.** (quoting **Eads**, 983 F.2d at 817).  A close reading of **Eads** shows that the Seventh Circuit includes the new evidence in the administrative record going to reviewing courts, but the Seventh Circuit does not consider that new evidence presented only to the AC when reviewing the ALJ's decision.  **Eads**, 983 F.2d at 817-18.

(2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level. See Cannon v. Bowen, 858 F.2d 1541 (11th Cir. 1988); see also Keeton, 21 F.3d at 1067 (court may remand to Secretary if new evidence is material and good cause exists for failure to incorporate the evidence in the record during proceedings before the ALJ).[7]  But, Falge has provided no reason -- no good cause -- why Dr. Inga's report was not made available during proceedings before the ALJ.[8]

_____

[7]In Keeton, the applicant appealed the AC's characterization of his new evidence as cumulative.  Keeton remands for the district court to apply the test for 405(g) remand because "[i]n reviewing the decision of the Appeals Council, the district court erroneously believed it could consider only evidence presented to the ALJ."  21 F.3d at 1068 (emphasis added).  Keeton expressly declines to address the applicant's other challenges to the AC's denial of review and the ALJ's denial of benefits.  Id.

[8]Dr. Inga's new report is dated 11 May 1994 (before the hearing), but the report does not seem to have actually been

We accept that, if an applicant can show good cause for his failure to introduce evidence during a hearing before the ALJ (even if the evidence was available to the applicant before the ALJ's decision) courts may consider that evidence in deciding whether the case should be remanded for further administrative proceedings to include the new evidence. But again, that kind of case is not before us. Falge has neither shown nor alleged good cause for his failure to introduce Dr. Inga's May 1994 report during the hearing before the ALJ.

And, we can think of another kind of case where we will consider evidence submitted only to the AC. "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision [the denial of review] is . . . subject to judicial review because it amounts to an error of

---

prepared until December 1994 (after the ALJ decision). The opinions set out in the report, however, seem to have been based on medical examinations and tests conducted before the ALJ rendered his decision.

11

law." <u>Keeton</u>, 21 F.3d at 1066. To review the AC's denial of review, courts will have to look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the AC must consider in making its decision whether to review an ALJ's decision. <u>See</u> 20 C.F.R. § 404.970(b) ("Appeals Council <u>shall</u> evaluate the entire record including the new and material evidence submitted to it if it relates to the period on or before the date of the administrative law judge hearing decision.") (emphasis added); 20 C.F.R. § 416.1470(b) (same).

In this case, however, Falge does not seem to appeal the AC's decision to deny review. Instead Falge appeals only the ALJ's decision to deny benefits and the district court's affirmance of that denial, claiming the decision is not supported by substantial evidence. So, we need not consider the new evidence of Dr. Inga's report in the light of the AC's denial of review. In other words, the issue before us is not whether the

AC correctly determined if the evidence was new and material,[9] but instead whether the ALJ's decision is supported by substantial evidence.

Thus, we will look at only the evidence that was before the ALJ. Doing so, we conclude that the ALJ's decision that Falge can perform a full range of sedentary work activity is supported by substantial evidence. Although Falge was somewhat physically limited,[10] much medical evidence existed to support the ALJ's finding that Falge could still perform sedentary work. At least 4 doctors, other than Dr. Inga, evaluated Falge's condition. Those doctors placed no limitations on Falge's work

---

[9]This issue was probably not raised on appeal, and if raised would lack merit, because the record seems to show affirmatively that the AC did consider this evidence when it denied review.

[10]One doctor suggested limiting Falge's activity to light desk work with no lifting over 10 pounds and with no extreme positions of the head. Suggestions like this one are entirely consistent with a determination that Falge can perform a full range of sedentary work and, thus, that Falge does not suffer from a disability.

activities that are inconsistent with a finding that Falge was able to perform sedentary work. The only arguably contrary evidence included reports of nonmedical doctors, a chiropractor and a PhD. The ALJ was permitted to accord less weight to chiropractors, and other nonmedical doctors, than to medical doctors. And, although we do not consider the May 1994 report of Dr. Inga, two prior reports from Dr. Inga were before the ALJ and were consistent with the ALJ's conclusion that Falge suffered from no disability. We conclude that the ALJ's decision is supported by substantial evidence.

AFFIRMED.