[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11856
Non-Argument Calendar

_____

D. C. Docket No. 03-02578-CV-T-27-MAP

LINDA MAGILL,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 29, 2005)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Linda Magill appeals from the district court's order affirming the Commissioner's denial of her application for disability benefits, 42 U.S.C. § 405(g). She presents two issues: first, whether the administrative law judge (ALJ) failed to give proper weight to the opinions of her treating psychologist and psychiatrists; second, whether the evidence from one of her treating psychiatrists, Dr. Anne Tyson, which was submitted to and considered by the Appeals Council, constitutes new and material evidence that, for good cause shown, was not presented to the agency and thus requires a remand pursuant to sentence six of 42 U.S.C. § 405(g).

Our task is to determine whether the Commissioner's decision denying Magill's application for benefits is supported by substantial evidence and based upon proper legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 1440

**I.**

A treating physician's testimony must be given substantial or considerable weight unless "good cause" is shown to the contrary. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or

(3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). For instance, an ALJ need not give a treating physician's opinion considerable weight if the applicant's own testimony regarding her daily activities contradicts that opinion. Id. at 1241.

In contrast, good cause "is not provided by the report of a nonexamining physician where it contradicts the report of the treating physician." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). "The opinions of nonexamining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." See id. (citation and internal quotation marks omitted). Finally, the ALJ must clearly articulate the reasons for giving less weight to a treating physician's opinion, and the failure to do so is reversible error. Phillips, 357 F.3d at 1241; see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (requiring the agency to "give good reasons" for not giving weight to a treating physician's opinion).

Nothing in the record before us indicates that the ALJ failed to give considerable or substantial weight to Magill's treating psychologist and psychiatrists' opinions. For instance, neither Dr. O'Shell nor Dr. Montero

3

concluded that Magill was disabled for social security disability benefits purposes. Rather, in his mental status examination of Magill, Dr. O'Shell concluded that she was well oriented in all spheres, alert, but depressed, with logical and coherent speech, a mildly impaired memory, a mild degree of conceptual disorganization, an open and cooperative attitude, partial awareness of problems, fair judgment, and an ability to attend and maintain focus. He subsequently noted that she had excellent motivation and could focus on a relevant topic, see different perspectives, and identify and express feelings. He assessed her Global Assessment of Functioning (GAF) on four different occasions, placing her current GAF in a range from 40 to 55 and her past year GAF in a range from 45 to 80. Moreover, in evaluating her mental status, Dr. Montero concluded that she had normal thought processes and content, poor concentration, good orientation, recent memory impairment because of a short attention span, and little self-motivation. Dr. Montero did not assess Magill's GAF.

These opinions do not contradict the ALJ's determination that Magill is markedly limited in performing detailed or complex tasks and has some limitations with regard to getting along with co-workers, but at the same time has the Residual Functioning Capacity (RFC) to perform a limited range of light work. In her decision, the ALJ noted both Dr. O'Shell's and Dr. Montero's mental evaluations,

and nothing indicates that the ALJ gave those opinions anything other than substantial weight.

Moreover, the ALJ explicitly adopted most of Dr. Tyson's opinion, including the doctor's assessment that Magill is markedly limited in performing detailed or complex tasks and that she has some limitations with regard to getting along with co-workers. Again, these findings do not compel a finding of mental disability for social security benefits purposes. The ALJ explicitly discredited Dr. Tyson's opinion that Magill is markedly limited in her ability to complete a normal workday and workweek, because she found that Magill's own testimony about her ability to maintain activities of daily living contradicted this opinion. In particular, Magill testified that she lives alone, that she drives occasionally, shops, takes walks, goes to the swimming pool and laundry room, talks on the phone, and goes out to eat once or twice a week with a friend. Pursuant to Phillips, 357 F.3d at 1241, the ALJ had good cause to discredit that portion of Dr. Tyson's testimony which contradicted this testimony.

In the end, substantial evidence supports the ALJ's findings. The ALJ only discredited a portion of one of Magill's treating psychiatrists' opinions, but she had good cause to do so. The ALJ did not discredit any other opinion evidence given by Magill's treating physicians. Indeed, the ALJ explicitly credited the

5

opinion of another of Magill's treating physicians, Dr. Phen, who opined that Magill could not perform her past relevant work, but could perform other work. Moreover, the ALJ only gave greater weight to the non-examining, reviewing State psychologists' opinions after discrediting the portion of Dr. Tyson's opinion. This is consistent with 20 C.F.R. § 404.1527(d)(2), which provides that a treating source's medical opinion receives controlling weight only if consistent with other substantial evidence in the record, as well as 20 C.F.R. § 404.1527(f(2)(i)-(ii), which provides that the ALJ must consider non-examining, reviewing State psychologists' opinions, as well as explain the weight given to these opinions when a treating source is not given controlling weight.

## II.

We review de novo the second issue Magill's appeal presents. We will order a remand based on new evidence only if the applicant shows that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable probability that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001); see also 42 U.S.C. § 405(g) (sentence six). The non-cumulative requirement is satisfied by the production of new evidence not

contained in the administrative record.  See Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988).  Such evidence must relate to the time period on or before the date of the ALJ's decision.  20 C.F.R. § 404.970(b); see also Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998).  The materiality requirement is satisfied if a reasonable possibility exists that the new evidence would change the administrative result.  See Falge, 150 F.3d at 1323.  The good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceedings.  See Cannon, 858 F.2d at 1546.

Magill had good cause for her failure to introduce her additional evidence at the administrative hearing, as the evidence did not exist until after the hearing concluded.  Furthermore, the additional evidence is non-cumulative, as Dr. Tyson articulated a new diagnosis, obsessive-compulsive disorder.  Dr. Tyson's subsequent evaluation also describes a much more negative view of Magill's mental status and functional abilities.  For instance, she states, "I do not know how she ever got hired, much less how she ever functioned on the job.  She cannot complete tasks and judgment is poor."

However, as with Dr. Tyson's previous opinion, this additional evidence also is discredited by Magill's own testimony about her daily activities, as well as testimony from her other treating physicians and non-examining State

7

psychologists. What is more, Dr. Tyson's obsessive-compulsive disorder diagnosis does not assess any new restrictions or limitations in addition to those the ALJ had already considered, partially adopted, and partially rejected. Indeed, Dr. Tyson's GAF assessment of 45/50 does not differ from the GAF assessments previously appraised. In sum, the additional evidence does not provide a reasonable possibility that the ALJ would change her decision, and is therefore immaterial.

### III.

After carefully reviewing the administrative proceedings, the medical record, the proceedings in the district court, and considering the parties' briefs, we find no reversible error. Substantial evidence supports the ALJ's decision to discredit a portion of Dr. Tyson's opinion. Moreover, because Magill's additional evidence is immaterial, we need not remand this case pursuant to sentence six of 42 U.S.C. § 405(g).

**AFFIRMED.**

8