[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2006
THOMAS K. KAHN
CLERK

No. 05-12206
Non-Argument Calendar

_____

D. C. Docket No. 02-01032-CV-J-20-TEM

WANDA R. CUMMINGS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 3, 2006)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

On August 27, 1999, Wanda R. Cummings filed an application for

supplemental security income pursuant to 42 U.S.C. § 1381 et seq.  She alleged that she was disabled due to severe anemia that caused fainting spells, polyarthritis, and pain in movement.  On September 18, 2001, the administrative law judge determined that Cummings was not disabled and issued a decision denying her application.

The Appeals Council subsequently denied Cummings' request that it review the ALJ's decision.  In a September 27, 2002 letter to Cummings, the Appeals Council stated that it considered the "final regulations, effective February 19, 2002, implementing the new listings for musculoskeletal (and related) impairments" in reaching its decision.

On November 8, 2002, Cummings filed a complaint in the district court, seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).  The parties consented to proceeding before a magistrate judge.  See 28 U.S.C. § 636(c).  After reviewing all the submissions of the parties and hearing oral argument, the magistrate judge entered an order affirming the ALJ's denial of supplemental security income.  Cummings appeals from the final judgment entered as a result of the magistrate judge's order.  She presents three main arguments on appeal.[1]

---

[1] Cummings has also filed a motion to supplement the record with a proposed exhibit that she refers to as Exhibit E.  We deny this motion and decline to consider this document because Cummings did not present it to the ALJ or the district court.  See Fed. R. App. P. 10(a), (e)(1).

2

Cummings first argues that the ALJ's decision is not supported by substantial evidence. Specifically, she argues that the ALJ: (1) erred in determining that Cummings did not have a severe mental impairment; (2) erred in evaluating the reports of the treating physician and psychologist; and (3) erred in relying on the grid matrix at the fifth step of the sequential evaluation process.

In evaluating each of these sub-arguments, we apply the same standard of review. We review each aspect of the ALJ's decision to determine if it is supported by substantial evidence and based on correct legal standards. Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (citation and internal marks omitted).

First, because the medical evidence does not support the conclusion that Cummings has a severe mood disorder, the ALJ's finding that Cummings does not have a severe mental impairment is supported by substantial evidence and based on correct legal standards.

Second, because the reports of the treating physician and psychologist do not contain objective findings to support their conclusions, the ALJ's failure to accord weight to their conclusions is supported by substantial evidence and based on correct legal standards.

3

Third, because the medical findings do not support a conclusion that Cummings' impairments affected her ability to perform a full range of sedentary work and because her subjective complaints about her pain and other symptoms were not credible, the ALJ properly relied on the grid matrix to determine that she was not disabled. The ALJ's decision to apply the grid matrix at the fifth step is supported by substantial evidence and based on correct legal standards.

Cummings next argues that the Appeals Council's denial of review of the ALJ's decision was based on an error of law. Citing the September 27, 2002 letter, Cummings states that the Appeals Council improperly compared her subjective complaints with the musculoskeletal regulations, which were enacted after the ALJ's decision and were drafted for the purpose of evaluating orthopedic impairments related to the skeleton and associated muscles. She asserts that her impairments are more related to internal medicine.

When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner. Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998). This Court's review of the Commissioner's final decision is limited to an inquiry into whether the decision is supported by substantial evidence and based on correct legal standards. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). Our review does not extend to determining the correctness of statements

4

made by the Appeals Council in a letter announcing its denial of review.

Finally, Cummings argues that the magistrate judge erred in denying her motion to supplement the record with additional evidence. Cummings states that prior to the ALJ's decision, she submitted evidence to the ALJ that was not included in the record, but should have been. She asserts that missing evidence properly submitted to the ALJ should not be handled in the same fashion that new evidence is handled. She argues that she should not be held responsible for omissions that occurred after she had properly entrusted the evidence to the ALJ.

We review de novo the determination of whether to remand the case to the Commissioner based on new evidence. Vega v. Comm'r of Social Sec., 265 F.3d 1214, 1218 (11th Cir. 2001). To succeed on a claim that a remand is appropriate, Cummings must show that: (1) there is new, noncumulative evidence; (2) the evidence is material; and (3) there is good cause for the failure to submit the evidence at the administrative level. See id.

Although Cummings may have properly submitted the evidence at the administrative level, we decline to remand the case to the ALJ. The evidence to which Cummings refers is either copies of records already included in the record, or cumulative to the information contained in medical records already admitted. The evidence is not new, noncumulative, and material to the Commissioner's

5

decision.  Thus, we find no reversible error in the magistrate judge's decision to deny Cummings' motion to supplement the record.

**AFFIRMED.**