[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2006
THOMAS K. KAHN
CLERK

No. 05-13487
Non-Argument Calendar

D.C. Docket  No. 03-00177-CV-1-MP-AK

PIERRE PICHETTE,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Florida

(June 21, 2006)

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Pierre Pichette appeals the district court's order affirming the denial by the Commissioner of Social Security of Pichette's application for disability insurance benefits, 42 U.S.C. § 405(g), and for supplemental security income, 42 U.S.C. § 1383(c)(3). No reversible error has been shown; we affirm.

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. "Even if the evidence preponderates against the [Commissioner]'s findings, we must affirm if the decision reached is supported by substantial evidence." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

Pichette first argues that the administrative law judge (ALJ) erred by basing his decision denying benefits, in part, on the unsigned psychological report of Linda Abeles, Ph.D. The ALJ may have erred in considering this report, which showed another person's handwritten initials beside Dr. Abeles's name. See 20 C.F.R. §§ 404.1519n(e), 416.919n(e) (requiring that consultative evaluation reports "be personally reviewed and signed by the medical source who actually performed the examination"). But this error was harmless. See Diorio v. Heckler,

721 F.2d 726, 728 (11th Cir. 1983) (stating that remand not necessary where ALJ commits harmless error in making erroneous statements of fact while applying proper legal standard).

Our review of the record shows that Dr. Abeles's report is cumulative to other psychological evidence presented to the ALJ. Her assessment was that Pichette's current psychological condition would not hinder him from obtaining or maintaining employment, that he appeared competent to manage his own money, and that his prognosis for future success in the workplace was fair to good. But the ALJ also relied on the Mental Residual Functional Capacity Assessment (MRFCA) of Wayne Conger, Ph.D., who concluded that, despite Pichette's memory problems caused by his cognitive deficits, he mentally was capable of performing simple, repetitive tasks on a sustained basis. In addition, the August 2000 report of Leslie Rothman, Ph.D., showed that Pichette adequately and independently could perform daily living activities. Although Dr. Rothman opined that Pichette suffered from an anxiety disorder, Dr. Rothman recommended that cognitive psychotherapy and a reduction in caffeine intake would help Pichette's emotional distress. The ALJ, further, discounted Pichette's own statements about his impairments and his inability to work in the light of all the medical evidence; and Pichette does not challenge this determination. Even

leaving out Dr. Abeles's report, substantial evidence of Pichette's mental condition supports the ALJ's determination.

Pichette also argues that the Appeals Council erred by "ignoring" alleged additional, significant evidence of his disability: an MRFCA completed by Dr. Rothman in July 2002. Dr. Rothman's July 2002 MRFCA was not provided to the ALJ, but it was submitted to the Appeals Council. Pichette contends that, after the exclusion of Dr. Abeles's report, Dr. Rothman's MRFCA is the only record evidence of Pichette's mental health.

We review de novo the district court's determination on whether remand to the Commissioner is necessary based on new evidence. Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218 (11th Cir. 2001). To succeed on a claim that remand is appropriate, Pichette would have had to show (1) that "new, noncumulative evidence exists," (2) that "the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result," and (3) that "good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level." Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998).

We doubt that Dr. Rothman's July 2002 MRFCA is "new evidence" or that it is "material." It is based on Dr. Rothman's one-hour August 2000 examination

of Pichette: this examination and its accompanying report were documented in the proceedings before the ALJ. The July 2002 assessment contained new conclusions[1] based on evidence that the ALJ had considered. And Dr. Rothman did not explain why he came to these conclusions nearly two years after the examination. But regardless, Pichette has not attempted to show good cause for his failure to submit Dr. Rothman's MRFCA in the proceedings before the ALJ. The MRFCA is dated 17 July 2002, but the ALJ did not render his decision until November 2002. And Pichette's lawyer did not submit this evidence to the Appeals Council until 18 July 2003.[2] Pichette gives no reason for the tardiness of this submission. The Appeals Council committed no error in refusing to remand this case to the ALJ for consideration of Dr. Rothman's July 2002 MRFCA.

AFFIRMED.

---

[1]The 2002 MRFCA stated that Pichette was extremely limited in his ability (1) to understand, remember, and carry out detailed instructions; (2) to work a regular schedule due to his frequent need for long rest periods caused by his psychological condition; and (3) to set realistic goals or make plans independently of others.

[2]Although Pichette's lawyer's letter to the Appeals Council about the MRFCA is dated 18 July 2001, this date appears to be a typographical error because (1) the letter shows a fax date to the Appeals Council of 18 July 2003, and (2) the MRFCA was not completed until 2002.