[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 25, 2006
THOMAS K. KAHN
CLERK

No. 06-12431
Non-Argument Calendar

_____

D. C. Docket No. 05-00567-CV-T-MAP

MARYANN GALLINA,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 25, 2006)**

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Mary Ann Gallina ("Appellant") appeals the district court order affirming the denial of her application for disability insurance benefits and supplemental security benefits under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Appellant sought these benefits due to work limitations arising from a range of health problems. The Administrative Law Judge ("ALJ") found that impairments due to sarcoidosis, mild distal gastritis and a small hiatal hernia were "severe" but did not automatically qualify her for disability benefits since they were not equivalent to one of the listed impairments in the Social Security Act. 20 C.F.R. §§ 404.1520(g) and 416.920(g), Appendix 1, Subpart P, Regulation No. 4. The ALJ further found that Appellant's testimony regarding the additional impairments was not totally credible and did not reflect medical diagnoses. Additionally, the ALJ determined, on the basis of testimony from a vocational expert, that while Appellant would not be able to return to her past position, she retained enough residual functional capacity to perform other jobs that existed in significant numbers in the national economy.

On appeal, the Appellant claims that the ALJ failed to properly consider whether Appellant's additional symptoms of fatigue, shortness of breath, thalassemia and iron deficiency resulted in a severe impairment and that the ALJ was required to seek further medical examination to evaluate these symptoms.

Appellant further alleges that by failing to adequately include the effect of these symptoms in his questions to the vocational expert, the ALJ solicited incorrect information about the Appellant's ability to find other work.  Finally, Appellant contends that the district court erred in refusing to remand her case to the ALJ in light of new evidence demonstrating the existence of greater injury.

*Standard of Review*

The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have appellate jurisdiction over the district court's decision pursuant to 28 U.S.C. § 1291.  In reviewing appeals from decisions of the ALJ, we do not re-weigh evidence or substitute our judgment for that of the ALJ. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145 (11th Cir. 1991). "The Commissioner's factual findings are conclusive if they are supported by 'substantial evidence,' consisting of 'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 1998) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). However, we review *de novo* the legal principles upon which the ALJ based his decision. *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). We also review *de novo* a district court's decision not to remand a case back to the ALJ in light of new evidence. *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001).

3

*Discussion*

In disability claims, an applicant must demonstrate that she has a severe impairment or combination of impairments that impact her functional capacity. *Jones v. Apfel,* 190 F.3d 1224, 1228 (11th Cir. 1999). Appellant alleges that she demonstrated that she suffered from fatigue, shortness of breath, thalassemia and iron deficiency and that such evidence was not considered by the ALJ in evaluating her claim. The record demonstrates, to the contrary, that the ALJ considered all medically documented conditions submitted by the Appellant, including the diagnosis of microcytosis, which was related to her possible thalassemia and iron deficiency. Appellant alleges nevertheless that the ALJ was required to seek further testimony with regard to this condition. While the ALJ has a basic obligation to develop a full and fair record, medical sources generally need only be re-contacted when the evidence received from that source is inadequate to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1512(e) and 416.912(e); *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam). We generally will not question the ALJ's development of the record unless it "reveals evidentiary gaps which result in unfairness and clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam) (internal citation and quotation marks omitted). In light of the fact that the ALJ accepted the medical

diagnosis of microcytosis and considered it in conjunction with the numerous evaluations made by other doctors, we find that no such gaps exist in this case.

Additionally, the ALJ considered, and discredited, Appellant's subjective testimony with regard to fatigue and shortness of breath. We note that "credibility determinations are the province of the ALJ." *Moore*, 405 F.3d at 1212. While the ALJ is required to articulate explicit and adequate reasons for questioning an applicant's credibility, the ALJ need not "specifically refer to every piece of evidence in his decision." *Dyer v. Barnhart* 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam). The record clearly demonstrates that the ALJ relied on the medical reports that stated that Appellant had limited problems with fatigue and shortness of breath in making his determination. We find that his conclusion is supported by substantial evidence and we affirm.

Appellant next argues that the ALJ's analysis of the work available to Appellant was flawed since his question to the vocational expert failed to incorporate the limitations arising from fatigue and shortness of breath. We have already determined that the ALJ acted properly in discrediting testimony about these symptoms. We can therefore conclude that it was not necessary for the ALJ to raise them before the vocational expert.

Finally, Appellant posits that the district court erred by not remanding the

case when she presented new evidence of her illness to the court. To be entitled to a remand for further administrative proceedings that include new evidence, an applicant must show, *inter alia,* that such evidence is material. *Falge*, 150 F.3d at 1323. The tests that Appellant relies on were conducted between March 22, 2005 and June 7, 2005 - several months after the ALJ's November 23, 2004 decision. This evidence is therefore reflective of Appellant's worsened condition at the time, rather than of the extent of her disability prior to the decision, which was well-documented through other medical evidence. We thus find that the evidence was not material to the administrative proceeding, and we affirm.

**AFFIRMED.**