[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14161
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cv-00979-JSM-EAJ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2012
JOHN LEY
CLERK

PAMELA BEASTERFELD,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 21, 2012)

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Pamela Beasterfeld appeals the district court's order affirming the Social Security Administration's denial of her application for a period of disability, disability insurance benefits, and supplemental security income. She argues that the Administrative Law Judge's conclusions were not supported by substantial evidence because the ALJ did not include all of her limitations in the hypothetical posed to the vocational expert.

I.

We review a Social Security case to determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). We do not reweigh the evidence, decide facts anew, or make credibility findings. See id. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998) (quotation marks omitted).

An individual who files an application for Social Security benefits must establish that she is disabled using a five-step, "sequential" evaluation process. See 20 C.F.R. §§ 404.1520, 416.912; see also Phillips v. Barnhart, 357 F.3d 1232, 1237–39 (11th Cir. 2009). At step five, the only step at issue in this appeal, the

SSA bears the burden to show that a significant number of jobs exist in the national economy that the claimant could perform given the claimant's residual functioning capacity, age, education, and work experience. See id. at 1239. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert. Id. at 1239–40.

"[I]n order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question to the vocational expert which comprises all of the claimant's impairments." See id. at 1240 n.7 (quotation marks omitted). "The hypothetical need only include the claimant's impairments, not each and every symptom of the claimant." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1270 (11th Cir. 2007) (citation and quotation marks omitted).

## II.

In this case, the ALJ asked the vocational expert a hypothetical that included the claimant's impairments. Based on that hypothetical the vocational expert concluded that, although Beasterfield would not be able to perform any of her past occupations, there was still a significant number of jobs in the national economy that she could do. The ALJ then asked the vocational expert how his conclusion would change if it were necessary for Beasterfield to be able to sit or stand at will, and the vocational expert said that it could reduce the number of

3

available jobs by one-third. Based in part on the vocational expert's responses, the ALJ concluded that Beasterfield was not disabled and not entitled to a period of disability, disability insurance benefits, or supplemental security income.

Beasterfield contends that the ALJ's hypothetical was defective because it did not include the limitation that she could not walk for one block over rough or uneven surfaces. To the contrary, the inclusion of a sit/stand option in the hypothetical encompassed the restriction contained in that limitation. If Beasterfeld would be able to sit or stand at will, she would necessarily be able to stop and rest when the distance or texture of the ground made walking too difficult.

**AFFIRMED.**