**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-11689

Non-Argument Calendar

————————————

WILTON CLINTON MEEKS, III,

*Plaintiff-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:24-cv-00022-JRH-BKE

————————————

Before LAGOA, DUBINA, and WILSON, Circuit Judges.

PER CURIAM:

Appellant Wilton Meeks, III appeals the district court's order
affirming a decision of the Secretary of the Department of Health

and Human Services ("Secretary") that excludes Meeks from working in federally funded health care facilities for a period of seven years. 42 U.S.C. §1320a-7(a). Meeks contends that the district court erred because the Secretary's decision was not supported by substantial evidence and was legally erroneous. Having reviewed the record and read the parties' briefs, we affirm the district court's order affirming the Secretary's decision excluding Meeks from working at a facility that accepts federal health care funds.

## I.

In 2004, Meeks formed a corporation, White Columns Consulting, that conducted business as Liberty Square Pharmacy. Meeks worked as a pharmacist at Liberty Square and was the sole owner of the corporation. Following a surgery, Meeks developed an addiction to opioids prescribed to him. After his prescription expired, Meeks began using unprescribed opioids he obtained by virtue of his position as a pharmacist at Liberty Square. In 2018, Meeks voluntarily surrendered his pharmacist license, admitted himself into an addiction treatment facility, and transferred ownership interest in White Columns Consulting to a close friend who could continue to operate Liberty Square. Because he failed to maintain the proper records for the Oxycodone he used, Meeks entered into a settlement agreement with the government requiring him to pay $150,000 for violating the Controlled Substances Act.

In February 2019, the government charged Meeks with one count of knowingly and intentionally acquiring a controlled substance "by misrepresentation, deception, or subterfuge," in

violation of 21 U.S.C. § 843(a)(3), stemming from Meeks's unprescribed use of opioids. Meeks pleaded guilty to that charge and the plea agreement recounted the elements of the offense: (1) that Meeks acquired or obtained possession of a controlled substance; (2) that Meeks did so by misrepresentation, fraud, deception, or subterfuge; and (3) that Meeks did so knowingly and intentionally. Meeks further agreed to the factual basis for his conviction, which provided in part:

> Beginning at least as early as January 1, 2017 and continuing until on or about July 1, 2018, in the Southern District of Georgia, [Meeks] knowingly and intentionally acquired Oxycodone, a Schedule II controlled substance, by misrepresentation, deception, or subterfuge, to wit, that [Meeks] acquired Oxycodone that [Meeks] knew had not been prescribed to [Meeks] from a pharmacy under [his] control for [his] personal use, in violation of Title 21 United States Code, Section 843(a)(3), and that [Meeks]'s guilty plea constitutes proof as to that Count.

(R. Doc. 12 p. 49.) The district court sentenced Meeks to three years' probation, and later granted Meeks's unopposed request for early termination of his probation.

In May 2021, the Georgia State Board of Pharmacy reinstated Meeks's license, subject to several conditions. Months later, the Inspector General of the HHS ("IG") notified Meeks that he was excluded from participating in Medicare, Medicaid, and all other federal health care programs for a period of eight years. The

IG later reduced the exclusion to seven years.  Meeks timely challenged the IG's decision and requested a hearing before an Administrative Law Judge ("ALJ").  The ALJ conducted a hearing, affirmed the IG's exclusion determination under 42 U.S.C. §1320a-7(a)(3), and found the seven-year exclusionary term reasonable.  Meeks then sought review by the Departmental Appeals Board of the HHS ("DAB"), who affirmed the ALJ's decision in all respects.  Meeks sought review of the DAB's decision in the district court, requesting that the district court reverse the DAB's exclusion decision and, in the alternative, find that the seven-year exclusionary period is unreasonable.

## II.

The DAB's decision "is reviewable as the final decision of the Secretary."  *See Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998).  When we review the Secretary's final decision, we must abide by the final decision unless it is "arbitrary, capricious, an abuse of discretion, not in accordance with law, or [is] unsupported by substantial evidence in the record taken as a whole."  *Fla. Med. Ctr. of Clearwater, Inc. v. Sebelius*, 614 F.3d 1276, 1280 (11th Cir. 2010) (internal quotation marks omitted).  This standard is a highly deferential one.  *Mendoza v. Sec'y, Dep't of Homeland Sec.*, 851 F.3d 1348, 1352-53 (11th Cir. 2017).  We do not substitute our judgment for that of the agency, and we will set aside the Secretary's decision as arbitrary and capricious where:

> the agency relied on factors which Congress has not intended it to consider, (2) the agency failed to

consider an important aspect of the problem, (3) the agency explained its decision in a way that runs counter to the evidence, or (4) the decision was so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.* at 1353 (internal quotation marks omitted).

### III.

Meeks argues on appeal that the district court erred in affirming the Secretary's decision because, contrary to the Secretary's decision, Meeks's felony conviction for acquiring Oxycodone by misrepresentation, deception, or subterfuge did not constitute an offense "relating to" fraud or theft that was committed "in connection with the delivery of a health care item or service." 42 U.S.C. § 1320a-7(a)(3). Meeks contends that the Secretary's decision was not supported by substantial evidence and was legally erroneous. Meeks also claims that the Secretary's decision barring him from working in any federally funded health care program for a seven-year period is arbitrary and capricious, and the two aggravating factors found by the Secretary are not supported by substantial evidence. Thus, Meeks asks this court to reverse the district court's order and hold that the length of his exclusion and time of commencement for the exclusion were neither authorized nor reasonable.

The Social Security Act provisions pertinent here concern rarely cited provisions. Title 42 U.S.C. §1320(a)-7(a), mandates the exclusion of individuals who have been convicted of certain crimes

from participating in federally funded health care programs. Meeks is a pharmacist and his exclusion under this provision prevents him from plying his trade because pharmacies issue prescriptions that are covered by Medicare and Medicaid. Specifically, this provision requires the Secretary to exclude "[a]ny individual . . . convicted for an offense which occurred after August 21, 1996, under Federal or State law, in connection with the delivery of a health care item or service. . . consisting of a felony relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or other financial misconduct." 42 U.S.C. §1320a-7(a)(3).

The mandatory-minimum period of exclusion is five years, which may be extended if certain aggravating factors are present. 42 U.S.C. §1320a-7(c)(3)(B); 42 C.F.R. §1001.102(a)-(b). Here, the ALJ found two aggravating factors present: Meeks's acts resulting in conviction were committed over a period of one year or more and Meeks had a prior criminal, civil, or administrative sanction record. 42 C.F.R. §1001.102(b)(2) and (6). The Secretary may also consider mitigating factors that may reduce a longer exclusion period; however, the ALJ found that Meeks did not establish any applicable mitigating factors.

## IV.

We conclude from the record that the district court properly affirmed the DAB's decision upholding the Secretary's determination that Meeks's felony conviction required his exclusion from federally funded health care programs. First, the Secretary correctly concluded that Meeks's crime of acquiring Oxycodone by

misrepresentation, deception, or subterfuge constituted an offense relating to fraud or deceit. "As with any question of statutory interpretation, we begin by examining the text of the statute to determine whether its meaning is clear." *Rine v. Imagitas, Inc.*, 590 F.3d 1215, 1222 (11th Cir. 2009) (quoting *Harry v. Marchant*, 291 F.3d 767, 770 (11th Cir. 2002) (*en banc*). "We do this because we presume that Congress said what it meant and meant what it said." *Id.* (quoting *Marchant*, 291 F.3d at 770).

As the ALJ and DAB noted, in this case, "[t]here is a nexus or common sense connection between fraud and [Meeks's] felony conviction." (R. Doc. 23 at 7.) "[T]he structure of the statue itself acknowledges the relatedness between fraud and misrepresentation, deception, and subterfuge as any one of these is sufficient to satisfy the second required element of the statute." (*Id.*). Meeks concealed from regulatory authorities and the distributor of the Oxycodone pills that his plan was to use the pills for his own use rather than for legitimate pharmaceutical purposes. Even if there was an absence of subterfuge from Meeks's conduct, as he contends, the circumstances of his felony conviction under 21 U.S.C. §843(a)(3) provided a basis for exclusion under the statutory provision.

Further, the DAB and ALJ acknowledged Meeks's argument that as the sole owner of the pharmacy, he could not steal from himself, but determined that the argument was unavailing. As the DAB found, it was not necessary for the ALJ to determine whether Meeks had committed theft to properly conclude that the Secretary

established a basis to exclude Meeks under 42 U.S.C. §1320(a)-7(a). It was sufficient that Meeks's conviction consisted of a felony related to fraud.

Second, as found by the DAB and ALJ, the Secretary properly determined that Meeks committed his offense in connection with the delivery of a health care item or service, and this determination is supported by the evidence. Pursuant to our "expansive interpretation" of the phrase "in connection with," we can characterize Meeks's offense as being in connection with the delivery of a health care item if the former bears a contextual, causal, or logical relationship with the latter. *See United States v. James*, 135 F.4th 1329, 1334-36 (11th Cir. 2025) (explaining "in connection with" in terms of sentencing guidelines and the precedent that confirms the broad interpretation to be given the term). Meeks had access to Oxycodone only because of his professional responsibilities delivering health care items or services to the public, which allowed him to commit the crime. This fact alone suffices to demonstrate a contextual and causal relationship between Meeks's offense and the delivery of a health care item or service. Thus, we conclude that the Secretary's determination that Meeks's conviction falls within the scope of section 1320a-7(a)(3) is supported by substantial evidence and is not legally erroneous.[1]

---

[1] We decline to address Meeks's challenge to the district court's deference to the DAB's decision because Meeks's reliance on *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 413, 144 S. Ct. 2244 (2024), is unavailing. As we explained recently, *Loper Bright* "dealt with agency interpretations of ambiguous statutes, not agency interpretations of their own regulations." *James*, 135 F.4th at 1334

25-11689                Opinion of the Court                    9

Additionally, we conclude that the district court properly affirmed the Secretary's decision to exclude Meeks from participating in federally funded health care programs for a seven-year period. The Secretary determined that two aggravating factors and no mitigating factors enumerated in the applicable regulation were present on the facts of the case. The two aggravating factors found by the Secretary were that (1) the acts that resulted in the conviction, or similar acts, were committed over a period of one year or more, and (2) the convicted individual has a prior criminal, civil or administrative sanction record.[2]

As Meeks acknowledged in the factual basis of his guilty plea, his conduct began "at least as early as January 1, 2017" and continued "until on or about July 1, 2018." (R. Doc. 12, p. 2.) Thus, his act of conviction was committed over one year. Moreover, Meeks voluntarily surrendered his pharmacy license in August

---

n.1. Here, we have the latter situation, so the level of deference the courts give to an agency's interpretation of its own regulations remains the same as the one utilized by the district court. Moreover, we will not address Meeks's argument, not properly preserved, that the Secretary had to determine that his criminal conduct had an economic effect upon any program that the statute is designed to protect. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (we do not address issues raised for the first time on appeal).

[2] None of the factors Meeks highlights as mitigating, such as his self-admission into a treatment facility, are specified in the governing statute or relevant regulation as mitigating factors. *See* 42 C.F.R. § 1001.102(c). Thus, the Secretary properly found that Meeks did not show that an enumerated mitigating factor applied.

2018.   At that time, Meeks agreed that his voluntary surrender would constitute a public record evidencing disciplinary action taken against his license by the Georgia State Board of Pharmacy. (*Id.* at 565-66.).   As the record shows, the loss of his pharmacy license was an administrative sanction record. Thus, the Secretary's imposition of a seven-year exclusionary period for Meeks is reasonable and supported by substantial evidence.

Accordingly, based on the aforementioned reasons, we affirm the district court's order upholding the Secretary's decision to exclude Meeks from participating in any federally funded health care program for a seven-year period.

**AFFIRMED**.