[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10852
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00017-GRJ

LINDSEY J. WATSON,

Plaintiff - Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 14, 2015)

Before JORDAN, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Lindsey Watson, appearing *pro se*, appeals the magistrate judge's order affirming the Social Security Commissioner's denial of his application for disability insurance benefits and supplemental security income under 42 U.S.C. §§ 405(g) & 1381. Mr. Watson seemingly argues on appeal that the Administrative Law Judge's decision was not supported by substantial evidence. After reviewing the record and the parties' briefs, we affirm the Social Security Commissioner's determination and the magistrate judge's order.

# I

Mr. Watson submitted an application for disability insurance benefits and supplemental security income on June 8, 2010, for a physical disability that began on April 1, 2009. The medical records discussed by Mr. Watson and reviewed by the Commission exclusively referenced Mr. Watson's physical impairments. The Commissioner denied Mr. Watson's application and also denied a motion for reconsideration. The ALJ held a hearing on June 10, 2011, where Mr. Watson was represented by counsel.

At the hearing, the ALJ confirmed that the record was complete and asked Mr. Watson whether there was anything else he would like to add for the Commission to consider. Mr. Watson's counsel responded that there was not. The ALJ reviewed Mr. Watson's various medical records and heard testimony from Mr. Watson and a vocational expert. Ultimately, the ALJ concluded that although

Mr. Watson suffered from severe impairments of chronic obstructive pulmonary disease and reduced left upper extremity strength, he had the residual capacity to perform less strenuous sedentary work. The ALJ thus denied Mr. Watson's claim for benefits in a decision dated September 17, 2011. Mr. Watson filed an appeal with the Appeals Council and included academic records and his score results from the Metropolitan Achievement Test he took when he was in the ninth grade, over twenty-five years ago. The Appeals Council denied Mr. Watson's request for review, which rendered the ALJ's decision the Commissioner's final decision.

Mr. Watson filed suit in federal district court seeking judicial review of the denial. He argued that the ALJ's failure to order an IQ test when presented with his less than stellar grades and MAT score (which indicated he was reading at the fifth grade level in the ninth grade) violated the ALJ's duty to fully and fairly develop the record.

The parties agreed to have a magistrate judge conduct the proceedings, and in January of 2014, the magistrate judge affirmed the Commissioner's denial of Mr. Watson's application. The magistrate judge concluded that he ALJ did not err by not ordering an IQ test, because Mr. Watson claimed his disability stemmed from physical ailments and presented no evidence that he suffered from any cognitive impairment. The magistrate judge further found that even had the ALJ ordered an IQ test, its results would have been insufficient to establish that Mr.

Watson met the criteria to be disabled under the Social Security Act. As such, the magistrate judge affirmed the Commissioner's denial of Mr. Watson's application.

Mr. Watson now appeals.  In his brief, however, Mr. Watson does not refer to any factual evidence in the record. Rather, he argues in a conclusory fashion that he is entitled to the benefits he initially requested because "it [is] impossible [for him] to [obtain] gain[ful] employment," and the ALJ's decision was not supported by substantial evidence.

## II

We review legal conclusions of the ALJ *de novo* and his factual findings for substantial evidence. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as relevant evidence that a reasonable person would accept as adequate to support the ALJ's conclusion. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (substantial evidence means "more than a scintilla" but less than a preponderance of evidence). We review *de novo* the magistrate judge's determination that there was sufficient substantial evidence. *Wilson v. Barhnart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Mr. Watson makes no reference in his brief to the ALJ's alleged failure to fully and fairly develop the record by not ordering an IQ test. We must, therefore,

consider this issue abandoned. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).[1]

The only issue on appeal, then, is whether there was substantial evidence in the record to support the ALJ's denial of Mr. Watson's claim for disability benefits. Mr. Watson, however, does not explain why the ALJ's decision was not based on substantial evidence or point to any particular erroneous finding. Although Mr. Watson has physical limitations, the medical evidence, the fact that Mr. Watson drove daily and had previously been employed as a cook, and the vocational expert's testimony support the ALJ's finding that Mr. Watson is capable of performing a range of sedentary jobs, and was thus not entitled to disability insurance benefits and supplemental security income. Based on our review of the record, we find the ALJ's decision is supported by substantial evidence and affirm.

## III

---

[1] We construe *pro se* litigants' appellate briefs liberally, but we deem "issues not briefed on appeal by a *pro se* litigant . . . abandoned." *Timson*, 518 F.3d at 874. Even if we entertained this issue on appeal, we would be compelled to affirm the magistrate judge's order. An ALJ is required to order additional medical tests only when a claimant's medical sources do not provide sufficient evidence regarding his impairments to determine whether the claimant is disabled. *See* 20 C.F.R. § 416.912(a) ("[a claimant] must furnish medical and other evidence that [the Commission] can use to reach conclusions about [the claimant's] medical impairment(s). We will consider only impairment(s) [a claimant] say[s] [they] have or about which we receive evidence."). *See also Ingram*, 496 F.3d at 1269. Mr. Watson filed for disability benefits based on his physical impairments. We cannot find that the ALJ erred in failing to order an IQ test based on the fact that Mr. Watson never finished high school. While Mr. Watson presented additional evidence to the Appeals Council of his lackluster grades in high school and below average score on an aptitude test that was over 25 years old, this evidence was never before the ALJ. We have held that when the Appeals Council "has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1322-23 (11th Cir. 1998).

5

The magistrate judge's judgment in favor of the Commissioner is affirmed.

**AFFIRMED.**