[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11633

Non-Argument Calendar

_____

ALLISON REYNOLDS,

                                                      Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,
Andrew Saul,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:19-cv-01931-LCB

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Allison Reynolds appeals the district court's order affirming the Commissioner of the Social Security Administration's denial of a period of disability and disability insurance benefits, 42 U.S.C. § 405(g). First, she argues that the Appeals Council erroneously refused to consider new evidence she produced after the Administration's denial of benefits, and that the district court erred in concluding that she waived the issue. Second, she argues that the administrative law judge ("ALJ") failed to properly weigh several expert medical opinions. Finally, she argues that the ALJ's disability determination was not based on substantial evidence. For the following reasons, we affirm.

## I.

Reynolds filed an application for a period of disability and disability insurance benefits, alleging disability beginning in January 2013. Though the Administration informed Reynolds of her right to representation, she chose to appear at her hearing and testify without the assistance of counsel. A vocational expert also testified at the hearing. The ALJ later issued an unfavorable decision denying Reynolds the benefits she had applied for. At that point, Reynolds obtained counsel and requested review of the ALJ's decision by the Social Security Appeals Council. Reynolds submitted additional medical records to the Appeals Council on review. The

Appeals Council found that the new records did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." Accordingly, the Council denied Reynolds's request for review. Reynolds then filed a complaint in district court. The district court affirmed the Commissioner's decision and denied her request for remand. Reynolds appealed.

## II.

Social Security regulations outline a five-step, sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(1). The ALJ must determine: (1) whether the claimant engaged in substantial gainful activity; (2) if not, whether the claimant has a severe medically determinable impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform past relevant work; and (5) if not, whether there are other jobs the claimant can perform given her RFC, age, education, and work experience. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). If the ALJ determines that the claimant is not disabled at any step of the evaluation process, the inquiry ends. 20 C.F.R. § 404.1520(a)(4). The RFC is defined as that work "which an individual is still able to do despite limitations caused by his or her impairments." *Phillips*, 357 F.3d at 1238.

We review the ALJ's decision for substantial evidence, and its application of legal principles *de novo. Moore v. Barnhart*, 405

F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is more than a scintilla, but "less than a preponderance." *Id.* It is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* This limited review does not permit us to decide the facts anew, make credibility determinations, or reweigh the evidence. *Id.*

If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5); *see also Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). Evidence is material if a reasonable possibility exists that the evidence would change the administrative result. *Hargress*, 883 F.3d at 1309. Evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision." *Id.* (citation omitted). The Appeals Council must grant the petition for review if the ALJ's decision "is contrary to the weight of the evidence," including the new evidence. *Id.*

We review the Appeals Council's decision declining to consider new evidence submitted to it *de novo. Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320–21 (11th Cir. 2015). The Appeals Council is not required to provide a detailed explanation of a claimant's new evidence when it denies a petition for review. *Mitchell v. Commissioner*, 771 F.3d 780, 783–85 (11th Cir. 2014).

### III.

Reynolds makes three arguments on appeal. First, she argues that the new evidence she submitted to the Appeals Council after the ALJ's initial decision warrants remand and that the district court erred by considering the issue waived. Second, she argues that the ALJ erred in giving only partial weight to the reports of Dr. Bodenheimer and Dr. Iyer, and by not considering the opinion of Dr. Nichols. Third, she argues that the ALJ's disability determination was not supported by substantial evidence. We address each argument in turn.

### A.

Reynolds argues that the Appeals Council erroneously failed to consider the new evidence she produced after the Administration's initial denial of benefits. The district court concluded that Reynolds waived this issue by failing to adequately raise it below. On appeal, Reynolds argues that the issue is not waived and that her argument was made concisely to comply with the district court's page limitation. And she contends that the new evidence she submitted to the Social Security Appeals Council warrants remand. Though Reynolds arguably waived this issue, we proceed to the merits and affirm the Appeals Council's decision.

The Appeals Council sufficiently explained why it declined to consider the new evidence and denied Reynolds's petition for review. *See Washington*, 806 F.3d at 1323. First, the Council concluded that the medical report from Dr. Kazi was not new evidence

because it had already been presented to the ALJ. Second, the Council concluded that the records from Sparks Orthopedics & Sports Medicine were not material because they covered treatment Reynolds received in 2009, well before her alleged onset date.

Third, the Council concluded that the rest of the new evidence failed to show a reasonable probability that, had it been considered, it would have altered the ALJ's decision. The medical report from Dr. Bullock stated that Reynolds was well-appearing and in no acute distress. The one-page physical capacities form completed by Dr. Fareed indicated that Reynolds would be off task for significant periods of time, but was not supported with medical records and was contradicted by other record evidence. *See Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (an ALJ is free to reject any physician's opinion when the record as a whole supports a contrary conclusion); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c) (the more consistent a medical opinion is with the record as a whole, the more weight it is given). The one-page mental health source statement from Dr. Nichols indicated that Reynolds suffers severe mental limitations, but was inconsistent with Dr. Nichols's own comprehensive evaluation, which found that Reynolds had normal speech, adequate mental processing, adequate knowledge, normal thought processes, intact memory, "good" judgment and insight, and average intellectual ability. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Finally, the letter from Dr. Kazi would be unlikely to alter the ALJ's decision because the ALJ's RFC determination already accounted for Reynolds's vision problems. The ALJ

determined that Reynolds should perform work that does not require depth perception or more than occasional far acuity, and recommended she avoid all exposure to hazards such as unprotected heights, dangerous machinery, or vibration tools.

Because Reynolds failed to show that her new evidence was new, material, and chronologically relevant, and that it created a reasonable probability that, had it been considered, it would have changed the outcome of the ALJ's decision, we agree with the Appeals Councils decision and affirm its denial of Reynolds's petition for review.

### B.

Reynolds next argues that the ALJ failed to properly weigh Drs. Bodenheimer and Iyer's opinions, substituting its own opinion for those of the experts without justification. She also argues that the ALJ failed to properly weigh Dr. Nichols's opinion given that it was the only evidence supplied by a mental health professional. Again, we disagree.

The ALJ must "state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). An ALJ may discount a physician's opinion when the opinion is conclusory, the physician fails to provide objective medical evidence to support his or her opinion, the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding. *See* 20 C.F.R. § 404.1527(c); *Crawford v. Comm'r of Soc. Sec.*,

363 F.3d 1155, 1159–60 (11th Cir. 2004). Furthermore, the Commissioner, not a physician, is responsible for determining whether a claimant is statutorily disabled. *See* 20 C.F.R. § 404.1527(d)(1).

Here, substantial evidence supported the ALJ's reasons for weighing the opinion of various medical experts as it did. The ALJ fully considered the opinions of Drs. Bodenheimer and Iyer and gave each partial weight, explaining in both instances why more weight was not given. First, the ALJ adopted Dr. Bodenheimer's conclusion that Reynolds had average to low-average intellectual functioning, and considered her observations of Reynolds's speech, affect, and mental status. The ALJ gave partial weight to Dr. Bodenheimer's opinion "because it [was] not a full medical source statement," and because she appeared to rule out borderline intellectual functioning or a neurocognitive disorder based on Reynolds missing only one subtraction question while answering others correctly. Second, the ALJ considered Dr. Iyer's observations of Reynolds's strength, coordination, and range of motion. The ALJ appeared to accept Dr. Iyer's conclusion that Reynolds does not have any limitations on her ability to sit, stand, walk, handle, hear or speak. The ALJ concluded that Dr. Iyer's statement that Reynolds "could have" impairments "involving bending, lifting, pushing, pulling, and reaching overhead" was not useful because it was indefinite, and for that reason assigned his opinion partial weight.

Third, to the extent that Reynolds argues that the ALJ failed to give proper weight to Dr. Nichols's opinion, that argument is meritless. Dr. Nichols's opinion was not presented to the ALJ prior

to the 2018 decision denying benefits, and thus cannot be used to challenge the ALJ's decision. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998) ("[W]hen the [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence."). Accordingly, the ALJ's weighing of medical expert opinion should be affirmed.

## C.

Finally, Reynolds argues that the ALJ's denial of benefits was not supported by substantial evidence. She contends that the ALJ rejected the opinions of medical experts, relied on an inaccurate RFC, and relied on faulty vocational expert testimony that did not account for her correct limitations. Once again, we disagree.

First, to the extent Reynolds is again arguing that the ALJ improperly weighed the expert opinions of Dr. Bodenheimer and Dr. Iyer, that issue is addressed above.

Second, substantial evidence supported the ALJ's determination that Reynolds had the RFC to perform light work. When the Appeals Council has denied review, we will look "only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge*, 150 F.3d at 1323. Here, substantial evidence supported the ALJ's RFC determination. In 2014, Reynolds's treating physician, Dr. Payne, observed "okay" motor, sensory, and tendon reflexes, and noted a "slight curvature" in her spine. In 2015, he diagnosed her with a

bulging disc, various forms of arthritis, and lumbar degenerative disc disease—though still rated her at about fifty percent cervical movement and "okay" motor, sensory, and tendon reflexes. He pursued a conservative treatment plan that relied on medication for pain. Dr. Iyer observed that Reynolds was "overweight" and had limited range of motion in her cervical and lumbar spine but concluded that she had a full range of motion in her shoulders, elbows, wrists, hips, knees, and ankles. Dr. Bodenheimer observed Reynolds perform well in several mental exercises and concluded that she had average to low-average intellectual functioning. Dr. Smith, who performed back surgery on Reynolds, noted that Reynolds recovered well from surgery and that she could perform "sedentary work with no overhead activity." Taken together, the expert medical opinion supplies more than a scintilla of evidence in support of the ALJ's determination that Reynolds could perform light work. *See Moore*, 405 F.3d at 1211.

Finally, the ALJ adequately accounted for Reynolds's limitations in the hypothetical questions posed to the vocational expert. "[F]or a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Phillips*, 357 F.3d at 1240 n.7 (quoting *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir.1999)). An ALJ is not required to include findings that she has already properly discounted in the hypothetical question. *See Crawford*, 363 F.3d at 1161. Here, the ALJ posed multiple hypothetical questions that each accounted for Reynolds's age, education, work experience,

21-11633                Opinion of the Court                11

and an RFC commensurate with the ability to perform light work—a finding that itself was supported by substantial evidence. Accordingly, the ALJ's hypothetical questions to the vocational expert adequately accounted for Reynolds's limitations.

## IV.

AFFIRMED.