[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11314

Non-Argument Calendar

_____

TRACY D. GRAY,

                                                        Plaintiff-Appellant,

versus

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

D.C. Docket No. 1:20-cv-00196-TQL

_____

Before ROSENBAUM, JILL PRYOR and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Tracy Gray appeals the district court's affirmance of the Social Security Administration's ("SSA") denial of his claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). He argues that, in assessing his residual functional capacity ("RFC"), the Administrative Law Judge ("ALJ") erred by applying the incorrect standard in rejecting his subjective complaints about the intensity, persistence, and limiting effects of his symptoms because the ALJ found that his statements were "not entirely consistent" with other evidence, rather than genuinely in-consistent. He contends that substantial evidence does not support the ALJ's reasons for rejecting his testimony. In his reply brief, he asserts that the Appeals Council erred in determining that his evidence submitted after the ALJ decision did not relate back to the period at issue. Having read the parties' briefs and reviewed the record, we affirm the district court's judgment affirming the SSA's denial of Gray's claims.

## I.

We review a social security disability case to determine whether the Commissioner's decision is supported by substantial evidence and review *de novo* whether the Commissioner applied the correct legal standards. *Moore v. Barnhart*, 405 F.3d 1208, 1211

(11th Cir. 2005). "[W]hen the [Appeals Council] has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

Substantial evidence is any relevant evidence, greater than a scintilla, that "a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). We will not decide the facts anew, make credibility determinations, or reweigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Thus, we must affirm the ALJ's decision, even if the evidence may preponderate against it, so long as it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

A legal claim or argument not addressed in an appellant's initial brief is deemed forfeited, and its merits will only be addressed in extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*), *petition for cert. denied*, No. 21-1468 (U.S. Oct. 3, 2022). We do not consider arguments made for the first time in an appellant's reply brief. *United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021).

II.

To determine whether a claimant is disabled, the ALJ applies a five-step sequential analysis. 20 C.F.R. § 404.1520(a). This process includes an analysis of whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe medically determinable

impairment or combination of impairments; (3) has such an impairment that meets or equals a listed impairment and meets the duration requirements; (4) can perform past relevant work, in light of his RFC; and (5) can make an adjustment to other work, in light of his RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(i)-(v); *Winschel*, 631 F.3d at 1178. The claimant's RFC is used to determine his capability of performing various designated levels of work (sedentary, light, medium, heavy, or very heavy). *See* 20 C.F.R. § 416.967. If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not proceed to the next step. *Id.* § 404.1520(a)(4).

The individual seeking social security disability benefits bears the burden of proving that he is disabled. *Moore*, 405 F.3d at 1211. A claimant is disabled if he cannot engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

To establish a disability based on testimony of pain and other symptoms, the claimant must show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged [symptoms]; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed [symptoms]." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ must articulate adequate reasoning for discrediting subjective testimony, and

as a matter of law, failure to do so requires that the testimony be accepted as true. *Id.* at 1225. However, we will not disturb a clearly stated credibility determination that is supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

If the objective medical evidence establishes an impairment that could be reasonably expected to produce the alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms. 20 C.F.R. § 404.1529(c)(1). In addition to "all of the evidence," ALJs should consider the following factors when evaluating "the intensity, persistence, and limiting effects of" a claimant's symptoms: (1) daily activities; (2) "location, duration, frequency, and intensity of" symptoms and pain; (3) precipitating and aggravating factors; (4) "type, dosage, effectiveness, and side effects of" medications; (5) treatment other than medication; (6) measures other than treatment to relieve symptoms; and (7) any other factors concerning his functional limitations. *Id.* § 404.1529(c)(1), (3)(i)-(vii).

The ALJ must consider whether inconsistencies exist within the evidence or between the claimant's statements and the evidence including the claimant's history, medical signs, and statements by medical sources or other sources about how his symptoms affect him. *Id.* § 404.1529(c)(4). The ALJ may use symptoms "to diminish [the claimant's] capacity for basic work activities to the extent that [his] alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as

consistent with the objective medical evidence and other evidence." *Id.* We have stated that we do not "believe that participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability." *Lewis*, 125 F.3d at 1441.

## III.

The record here demonstrates that Gray has forfeited his challenge to the Appeals Council's determination that his evidence submitted after the ALJ decision did not relate back to the period at issue by raising this issue for the first time in his reply brief. As such, we need not consider any evidence submitted after February 3, 2020.

The record also demonstrates that the ALJ applied the correct standard because the ALJ considered Gray's physical condition in its entirety, specifically noting his daily activities, medication, and the objective medical evidence. The ALJ correctly determined that multiple inconsistencies existed between Gray's testimony and other evidence. Further, the ALJ used Gray's symptoms that were consistent with the other record evidence to diminish his capacity through functional limitations and restrictions.

The ALJ also articulated adequate reasons for discrediting Gray's subjective testimony. The ALJ provided an overview of Gray's representations of his pain before determining that his representations of the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent" with the record.    The

ALJ provided four explicit reasons for discrediting Gray's subjective testimony, including that (1) Gray reported that medication had been effective in reducing his pain; (2) while he used a cane to aid in ambulation, Gray had normal strength, sensation, and reflexes; (3) Gray was independent in matters of personal care, could drive, and played guitar; and (4) Gray had not required urgent or inpatient care except for short periods following his surgeries. *Wilson*, 284 F.3d at 1225. The ALJ's determination that Gray reported that medication had been effective in reducing his pain was supported by Dr. Wolgin's and Dr. Tsymbalov's treatment notes that Gray reported pain relief after steroid injections. *Wilson*, 284 F.3d at 1225.

The record indicates that substantial evidence supports the ALJ's decision. Accordingly, based on the aforementioned reasons, we affirm the district court's judgment affirming the SSA's denial of Gray's social security and disability benefits claims.

**AFFIRMED.**